UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re,

BRUCE DOUGLAS,

        Debtor,

_____

BRUCE DOUGLAS,

        Plaintiff,

    vs.

WELLS FARGO BANK, N.A.,
SUCCESSOR BY MERGER TO WELLS
FARGO HOME MORTGAGE, INC.,

        Defendant.

_____

2:11-cv-0348 FCD EFB

BANKR NO. 10-33792-C-7

Chapter 7

Adv. No. 10-02778

DC No. SW-2

<u>ORDER</u>

----oo0oo----

    This matter is before the court on defendant Wells Fargo Bank, N.A.'s ("defendant") motion to withdraw reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d) and Bankruptcy

Rule 5011(a). Plaintiff Bruce Douglas ("plaintiff") opposes the motion. For the reasons set forth below,[1] defendant's motion is DENIED.

## BACKGROUND

On December 2, 2010, plaintiff initiated an adversarial proceeding against defendant in the United States Bankruptcy Court. (See Compl., filed December 2, 2010.) As alleged in the complaint, plaintiff was laid off from his job in September 2008. (Id. ¶ 4.) In December 2008, plaintiff contracted with Pro City Mortgage ("Pro City") to assist him with obtaining a loan modification with defendant. (Id.) Pro City submitted documents to defendant on plaintiff's behalf but was told that plaintiff did not qualify for a permanent modification. (Id. ¶ 6.) In May 2009, plaintiff ceased making his mortgage payments. (Id. ¶ 7.) On October 27, 2009, defendant filed its Notice of Default. (Id. ¶ 8.)

On November 20, 2009, plaintiff and defendant entered into a trial modification arrangement. (Id. ¶ 10.) Under this arrangement, plaintiff was to show that he "could make three reduced payments on time while [defendant] reviewed [p]laintiff's mortgage loan." (Id.) The first payment was due on January 1, 2010 and plaintiff made this payment in person, on December 31, 2009 at a Wells Fargo Bank Branch. (Id. ¶ 11.) A week later, defendant contacted plaintiff notifying him that defendant had

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

2

not received the payment.  (Id.)  Defendant removed plaintiff from the trial modification.  (Id.)

On January 28, 2010, plaintiff was advised by a friend that defendant had recorded a Notice of Trustee's Sale and the foreclosure sale was set for February 17, 2010.  (Id. ¶ 13.)  On January 29, 2010, plaintiff made a second payment which was due February 1, 2010.  (Id. ¶ 15.)  From February 2010 through May 2010, defendant continued to request additional documentation from plaintiff.  (Id. ¶ 16.)  "Plaintiff . . . provided documents but then never heard back from [defendant]."  (Id.)

On May 25, 2010, defendant notified plaintiff that he would need to pay $10,000 for 30-day postponement of the Trustee Sale with no assurance of a loan modification.  (Id. ¶ 17.)  On that same day, plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court.  (Id. ¶ 20).  "Plaintiff's Chapter 7 bankruptcy case remains open and no property, including his residence, has been abandoned back to plaintiff by the Chapter 7 Trustee."  (Def.'s Mot. to Withdraw Reference ["Def.'s Mot."], filed February 7, 2011 at 2.)

Based on these events, plaintiff alleges causes of action for breach of contract, fraud, breach of covenant of good faith and fair dealing, unfair business practices, and declaratory relief.  (Id. ¶¶ 21-66.)

**STANDARD**

District courts, rather than bankruptcy courts, have original jurisdiction over all bankruptcy matters.  28 U.S.C. § 1334(b).  However, district courts may refer all bankruptcy matters to a bankruptcy court.  Id. § 157(a).  28 U.S.C. § 157(d)

provides that, in certain circumstances, a referred case may be transferred from the bankruptcy court back to the district court by withdrawing the reference. Withdrawal can be mandatory or permissive. Id. § 157(d). The burden of persuasion is on the party seeking withdrawal. In re U.S. Airways Group, Inc., 298 B.R. 674, 667 (E.D. Va. 2003).

**ANALYSIS**

**A.   Mandatory Withdrawal**

Withdrawal of the reference to the bankruptcy court is mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Although the Ninth Circuit has not squarely addressed mandatory withdrawal, it has followed other circuits, stating, in dictum, that mandatory withdrawal hinges "on the presence of substantial and material questions of federal law." Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 n.4 (9th Cir. 1997); see also In re Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) ("Mandatory withdrawal is required only when [non-title 11] issues require the interpretation, as opposed to the mere application, of the non-title 11 statute, or when the court must undertake analysis of significant and open unresolved issues regarding the non-title 11 law."); In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990). Courts within the Ninth Circuit have adopted this approach. See, e.g., In re Upp, Nos. C 10-01934 SI, 3:10-cv-00204-SI, 3:10-cv-01 149-SI, 3:10-cv-02449-SI, 2010 WL 5387609, at *1 (N.D. Cal. Dec. 21, 2010); Siegel v.

4

<u>Caldera</u>, No. CV 10-00179-RGK, 2010 WL 1136220, at *1 (C.D. Cal. Mar. 19, 2010); <u>In re Creekside Vineyards, Inc.</u>, No. CIV. 2:09-2273 WBS EFB, 2009 WL 3378989, at *4 (E.D. Cal. Oct. 19, 2009). Thus, "[u]nder the plain meaning of the statute, the substantial and material question of non-bankruptcy federal law must also be regarding a federal law "'regulating organizations or activities affecting interstate commerce.'" <u>In re Creekside Vineyards, Inc.</u>, 2009 WL 3378989 at *4 (citing 28 U.S.C. § 157(d)).

Defendant contends that the court must withdraw the reference under the mandatory language of 28 U.S.C. § 157(d) because plaintiff's state law claims are intertwined with non-Code federal law. (Def.'s Mot. at 6.) However, none of these claims involve the application or interpretation of non-title 11 federal law. Rather, plaintiff alleges only state law causes of action which do not necessarily require determination of a federal issue. See <u>Rains v. Criterion Sys., Inc., California</u>, 80 F.3d 339, 345 (9th Cir. 1996) (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state constitution, not only violations of a federal statute); <u>Lippit v. Raymond James Fin. Servs., Inc.</u>, 240 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition claims did not give rise to federal question jurisdiction because such claims are based on unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); <u>Mulcahey v. Columbia Organic Chems.</u>, 29 F.3d 148, 153 (4th Cir. 1994) (holding that a negligence action alleging violations of local, state and federal environmental laws did not confer

5

Case 2:11-cv-00348-FCD-EFB   Document 10   Filed 05/04/11   Page 6 of 7

federal question jurisdiction).  As such, the court concludes that mandatory withdrawal is inappropriate in this case.

**B.   Permissive Withdrawal**

Where withdrawal of the reference is not required, a "district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] . . . for cause shown."  28 U.S.C. § 157(d).  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  Sec. Farms, 124 F.3d at 1008 (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).  Before considering these factors, the court "should first evaluate whether claim is core or non-core, since it is upon that issue that questions of efficiency and uniformity will turn."  In re Orion Pictures Corp., 4 F.3d at 1101.

Under 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge shall determine on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."  The Ninth Circuit has interpreted § 157(b)(3) to express a preference for the bankruptcy judge to initially determine whether a claim is properly characterized as core or non-core.  See, e.g., In re Coupon Clearing Serv., Inc., 113 F.3d 1091, 1097 (9th Cir. 1997); In re Int'l Nutronics, Inc. 28 F.3d 965, 969 (9th Cir. 1994).  Several decisions from this district support this interpretation.  See In re Creekside Vineyards, 2009 WL 3378989 *6-7; Willms v. Sanderson Cmtys. Inc., No. 07-2366,

2009 WL 728464, at *1 (E.D. Cal. Mar. 19, 2009).[2]  When the bankruptcy court has not made a determination on whether the proceeding is a core or non-core proceeding, remand to that court is appropriate.  Willms, 2009 WL 7208464, at *1.

At this time, the bankruptcy court has yet to determine whether this adversarial proceeding is core or non-core.  Accordingly, the court declines to exercise its discretion to permissively withdraw the reference until the bankruptcy court has had an opportunity to make an initial determination of whether the action is core or non-core.

**CONCLUSION**

For the forgoing reasons, defendant's motion to withdraw reference is DENIED without prejudice, and this case is hereby remanded to the Bankruptcy Court.

IT IS SO ORDERED.

DATED: May 3, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2]  Although some courts in the Third Circuit have construed § 157(b)(3) to require the bankruptcy judge to make the initial determination of whether a proceeding is core or non-core, some district courts in the Ninth Circuit have explained that the language simply describes the scope of a bankruptcy court's authority under section 157.  Compare Tomason Auto Group, LLC v. China Am. Co-op. Auto., Inc., No. 08-3365, 2009 WL 512195, at *5 n.6 (D.N.J. Feb. 27, 2009), with In re Don's Making Money Llp, No. 07-319, 2007 WL 1302748, at * 4 (D. Ariz. May 1, 2007).